Filed 9/10/13  P. v. Wills CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G047265 |
|       v. | (Super. Ct. No. 06NF2921) |
| LAURA D. WILLS, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, William Lee Evans, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Arielle N. Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

Laura D. Wills appeals from the eight-year prison sentence executed following a probation violation. She contends the trial court misunderstood its discretion to make a downward modification to a previously imposed but suspended sentence. She also asserts her attorney provided ineffective assistance of counsel by acting under the same misapprehension as the trial court.

We conclude Wills and the district attorney entered into a negotiated plea agreement and, at the time of the guilty plea, the trial court actually imposed and suspended execution of an eight-year term. Thus, at the probation violation hearing, the trial court correctly understood it had two choices, either reinstate probation or execute the previously imposed sentence. Consequently, we affirm the judgment.

FACTS

In January 2007, the district attorney filed a 16-count information charging Wills with four counts of grand theft (counts 1-5, 7, 9, 14-15), four counts of forgery (counts 6, 8, 12), making a false financial statement (count 11), identity theft (count 13), and perjury (count 16) in the loss of over $100,000.

In July 2008, Wills pleaded guilty to all charges pursuant to an agreement between the parties which the trial court referred to as a settlement. At that time the trial court stated, "So it does appear that the agreement that's been reached between the district attorney and the defense attorney [has] taken into due consideration the extensive outlining crime which Ms. Wills committed as well as her current situation as an individual and I think it blends together a sufficient consideration of that. [¶] The bottom line here is the recommendation of the court is to impose a state prison judgment and stay the execution of that judgment for a ten year period of time provided Ms. Wills' conduct complies with certain terms and conditions . . . . [¶] Anytime she chooses to violate the

2

conditions of her probation she can be immediately taken into custody and she'll serve the eight year sentence, which is a greater sentence [than] she might otherwise serve were this thing to proceed to trial."

In August 2009, the court revoked probation and issued a warrant for Wills's arrest for an alleged probation violation. She was ultimately arrested on the warrant in December 2011 and, after several continuances, the matter proceeded to a contested probation violation hearing. At the hearing, the probation officer testified to the facts and circumstances surrounding the alleged probation violation.

On the basis of this testimony, the trial court found Wills in violation of her probation. The trial judge concluded he had limited sentencing options in light of the previously imposed eight-year term. Being not "inclined" to grant probation, the court ordered execution of the previously imposed sentence. This appeal followed.

DISCUSSION

Wills argues the trial court erroneously believed her plea agreement included the suspended execution of an eight-year prison term, when in reality the plea agreement called for the suspended imposition of up to an eight-year prison term. She asserts the district attorney only wanted to ensure a lengthy probation period so Wills could pay restitution. Wills also contends the trial court had the authority to recall the previously imposed sentence at the probation violation hearing and then resentence her to a new, lesser term "so long as the order to reduce the sentence occur[ed] after the probation violation hearing and within the 120 days prescribed by [Pen. Code, § 1170, subd. (d)]."[1] Finally, she claims her attorney provided ineffective assistance of counsel by failing to tell the court about its sentencing options, and the combined errors of the

---

[1] Subsequent statutory references are to the Penal Code.

3

prosecutor, defense counsel, and the court deprived her of the constitutional right to due process of law. We disagree.

There is a dispute as to whether the imposition and suspension of an eight-year sentence was an integral component in the plea agreement. Wills points to page 2 of the plea form which says any probation violation could result in a "maximum" prison sentence of eight years. On the other hand, the Attorney General points to page 5 of the plea form, which states the court was to impose the eight-year term but suspend execution of that sentence and grant her probation for a period of 10 years.

We need not decide whether the eight-year term was an integral part of the plea agreement, or simply a term selected by the court. The crucial fact is that at the time of the guilty plea the trial court actually sentenced Wills to an eight-year term and suspended execution of that sentence. If that was not what Wills had agreed to, the time to complain was then, not for the first time on appeal some four plus years later.

In short, the resolution of this case comes down to the difference between orders suspending the imposition of sentence altogether and orders suspending the execution of an imposed sentence. (*People v. Howard* (1997) 16 Cal.4th 1081, 1087 (*Howard*).) "Unlike the situation in which sentencing itself has been deferred, where a sentence has actually been imposed but its execution suspended, 'The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect . . . .' [Citations.]" (*Ibid.*) Thus, the *Howard* court held that when the trial court suspends execution of an imposed sentence and grants probation, finding the probationer in violation of probation limits the court's sentencing discretion to ordering the exact sentence previously imposed or reinstating probation. (*Id.* at p. 1088.)

Wills suggests the court could have utilized section 1170, subdivision (d) to circumvent the result dictated by *Howard*. That section does permit the trial court to recall and resentence a defendant "within 120 days of the date of commitment on its own motion . . . ." (*Ibid.*) But in the case of revocation and termination of probation section

4

1203.2, subdivision (c)[2] trumps section 1170, subdivision (d). (*Howard, supra,* 16 Cal.4th at p. 1093.) "In the probation revocation area . . . if probation is revoked, 'the [previous] judgment shall be in full force and effect.'" (*Ibid.*) While the trial court is not precluded from using section 1170, subdivision (d) in such cases, it must "wait until actual commitment" before exercising this option. (*Howard*, *supra,* 16 Cal.4th at p. 1094.) Here, the trial court did not recall Wills's sentence within 120 days, and we reject her unsupported assertion the court was unaware of this option at the post-revocation sentencing hearing.

Having found the trial court committed no sentencing error, it is axiomatic Wills's attorney provided adequate representation. Neither the trial court, nor her counsel or the district attorney deprived Wills of her constitutional right to due process of law.

---

[2] Section 1203.2, subdivision (c) states, "Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. However, if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect. In either case, the person shall be delivered over to the proper officer to serve his or her sentence, less any credits herein provided for."

DISPOSITION

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

6